UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE ZAFIR CASEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HADDAD, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-00855-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR A FAILURE TO OBEY COURT ORDER**<br><br>**21-DAY DEADLINE** |

Plaintiff Dominique Zafir Casey is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

On January 12, 2023, the Court issued its First Screening Order. (Doc. 19.) Plaintiff was afforded 21 days within which to file a first amended complaint curing the deficiencies identified in the order, or, alternatively, to file a notice of voluntary dismissal. (*Id*. at 10.)

On January 30, 2023, Plaintiff filed a document titled "Referring to FIRST SCREENING ORDER." (Doc. 20.) Plaintiff's filing provides additional factual information concerning the claims asserted in his original complaint (*see id.* at 1 ["Pertaining to Claim 1, I don't know C.O. Agatar's mindstate but he watched me get attacked"] & 3 ["For claim two my injuries were …"]), as well as comments concerning the Court's findings regarding the relief requested in the original complaint (*id*. at 4).

Because Plaintiff's January 30, 2023 filing does not comply with the Court's January 12, 2023 Order, Plaintiff will be required to show cause in writing why he has failed to comply with the Court's Order.

## II.     DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with this Court's order. On January 12, 2023, Plaintiff was directed to file a first amended complaint within 21 days curing the deficiencies identified in his complaint. (Doc. 19.) The Court explained why Plaintiff had failed to state either a deliberate indifference to serious medical needs claim or an excessive force claim. (*Id*. at 6-9.) The Court also addressed the issue of naming all defendants in both their individual and official capacities and whether some of the remedies sought by Plaintiff were proper. (*Id*. at 9-10.) Plaintiff was afforded 21 days within which to cure the deficiencies identified in his complaint by filing a first amended complaint, or to file a notice of voluntary dismissal. (*Id*. at 10-11). Plaintiff was also expressly advised that "an amended complaint supersedes the original complaint" and therefore "a first amended complaint must be 'complete in itself without reference to the prior or superseded pleading.'" (*Id*. at 10.)

Instead of filing a first amended complaint, or a notice of voluntary dismissal, Plaintiff filed a document that does not cure the deficiencies identified in his complaint, or is a complaint

that is complete in and of itself. Plaintiff had two options following the screening of his complaint: (1) file a first amended complaint, complete in and of itself and without reference to the original complaint, curing the deficiencies identified in the screening order, *or* (2) file a notice of voluntary dismissal. Plaintiff failed to do either. As a result, Plaintiff's action is subject to dismissal for failure to obey a court order.

### III.     ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal of this case.

**Failure to comply with this order will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **February 2, 2023**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE

3