1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DOMINIQUE ZAFIR CASEY,                    Case No.: 1:21-cv-00855-ADA-SKO (PC)

12              Plaintiff,

13        v.                                   **FINDINGS AND RECOMMENDATIONS TO
                                               DISMISS ACTION FOR FAILURE TO
14   HADDAD, et al.,                           OBEY COURT ORDERS AND FAILURE TO
                                               PROSECUTE**
15              Defendants.
                                               **14-DAY DEADLINE**
16

17        Plaintiff Dominique Zafir Casey is proceeding *pro se* in this civil rights action brought

18   pursuant to 42 U.S.C. § 1983.

19        **I.      RELEVANT PROCEDURAL BACKGROUND**

20        On January 12, 2023, the Court issued its First Screening Order. (Doc. 19.) The Court

21   determined Plaintiff had failed to state a cognizable claim against any named defendant. (*Id*. at 6-

22   10.)  Plaintiff was afforded 21 days within which to file a first amended complaint curing the

23   deficiencies identified in the order, or, alternatively, to file a notice of voluntary dismissal. (*Id*. at

24   10.)

25        On January 30, 2023, Plaintiff filed a document titled "Refering [sic] to FIRST

26   SCREENING ORDER." (Doc. 20.) Plaintiff's filing provides additional factual information

27   concerning the claims asserted in his original complaint (*see id.* at 1 ["Pertaining to Claim 1, I

28   don't know C.O. Agatar's mindstate but he watched me get attacked"] & 3 ["For claim two my

1    injuries were …"]), as well as comments concerning the Court's findings regarding the relief

2    requested in the original complaint (*id*. at 4).

3        On February 2, 2023, the Court issued an Order to Show Cause In Writing Why This

4    Action Should Not Be Dismissed For Failure to Obey Court Order (OSC). (Doc. 21.) Plaintiff

5    was advised his January 30, 2023, filing did not comply with the screening order because it was

6    neither a first amended complaint, complete in and of itself, nor a voluntary dismissal. (*Id*. at 2-3.)

7    Plaintiff was afforded 21 days within which to explain, in writing, his failure to file either a first

8    amended complaint or a notice of voluntary dismissal, or, alternatively, to file the first amended

9    complaint or voluntary dismissal. (*Id*. at 3.) More than 21 days have passed, and Plaintiff has not

10   filed a written response to the OSC, nor has he filed a first amended complaint or a voluntary

11   dismissal.

12       **II.    DISCUSSION**

13       The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a

14   "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

15   the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

16   Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

17   that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

18   *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

19   party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*

20   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

21   court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

22   1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

23   1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

24       In determining whether to dismiss an action, the Court must consider several factors:

25   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

26   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

27   cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d

28   1439, 1440 (9th Cir. 1988).

1    Here, Plaintiff has failed to comply with the Court's January 12 and February 2, 2023,

2    orders. On January 12, 2023, Plaintiff was ordered to file a first amended complaint, or a notice of

3    voluntary dismissal, within 21 days of the date of service of the order. (Doc. 19.) Instead, on

4    January 30, 2023, Plaintiff filed a document titled "Refering [sic] to FIRST SCREENING

5    ORDER." (Doc. 20.) That filing is neither a first amended complaint (complete in and of itself)

6    nor a notice of voluntary dismissal.

7    The Court issued its OSC of February 2, 2023, advising Plaintiff his January 30, 2023,

8    filing did not comply with the Court's screening order. (*See* Doc. 21.) Plaintiff was advised he

9    had been ordered to file either a first amended complaint, complete in and of itself, or a notice of

10   voluntary dismissal. (*Id*. at 2-3.) He was provided 21 days from the date of service of the OSC

11   within which to respond. (*Id*. at 3.) Plaintiff failed to respond. The Court cannot effectively

12   manage its docket if Plaintiff ceases litigating his case, as Plaintiff has done here.

13   The Court finds that both the first and second factors—the public's interest in expeditious

14   resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.

15   *Carey*, 856 F.2d at 1440.  The third factor—risk of prejudice to defendant—also weighs in favor

16   of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in

17   prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction

18   amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal.

19   *Carey*, 856 F.2d at 1440.

20   The fourth factor usually weighs against dismissal because public policy favors

21   disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

22   "this factor lends little support to a party whose responsibility it is to move a case toward

23   disposition on the merits but whose conduct impedes progress in that direction." *In re*

24   *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

25   (citation omitted). Here, despite his responsibility, Plaintiff has failed to move this case forward,

26   and his failure to respond to court orders impedes progress toward disposition on the merits.

27   Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs

28   in favor of dismissal. *Carey*, 856 F.2d at 1440.

3

1    Regarding the last factor, a court's warning to a party that failure to obey the court's order

2    will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963

3    F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the January 12, 2023,

4    First Screening Order, the Court warned: "**If Plaintiff fails to comply with this order, the Court**

5    **will recommend that this action be dismissed for failure to state a claim and to obey a court**

6    **order**." (*See* Doc. 19 at 10.) Additionally, the Court's OSC of February 2, 2023, included the

7    following warning: "**Failure to comply with this order will result in a recommendation that**

8    **this action be dismissed for failure to obey court orders and failure to prosecute**." (*See* Doc.

9    21 at 3.) Thus, the fifth factor—the availability of less drastic sanctions—weighs in favor of

10    dismissal because Plaintiff has received adequate warning that dismissal could result from his

11    noncompliance. *Carey*, 856 F.2d at 1440.

12    In sum, Plaintiff has failed to comply with the applicable Local Rules and this Court's

13    specific orders. In so doing, Plaintiff fails to prosecute this action. *Ferdik*, 963 F.2d at 1260-61;

14    *Malone*, 833 F.2d at 130-31; *Henderson v. Duncan*, 779 F.2d at 1424. As a result, the

15    undersigned will recommend this action be dismissed.

16    **III.    CONCLUSION AND RECOMMENDATIONS**

17    Based on the foregoing, the undersigned **RECOMMENDS** that this action be

18    **DISMISSED**, without prejudice, for Plaintiff's failure to prosecute and failure to obey court

19    orders.

20    These Findings and Recommendations will be submitted to the United States District

21    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

22    of the date of service of these Findings and Recommendations, Plaintiff may file written

23    objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

24    Findings and Recommendations." Plaintiff's failure to file objections within the specified time

25    //

26    //

27    //

28    //

4

1  may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

2  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3

4  IT IS SO ORDERED.

5  Dated:   **March 2, 2023**                          /s/ *Sheila K. Oberto*

6                                              UNITED STATES MAGISTRATE JUDGE