|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 10 | |

| | |
|---|---|
| DOMINIQUE ZAFIR CASEY, | Case No. 1:21-cv-00855-ADA-SKO (PC) |
| Plaintiff, | **SECOND SCREENING ORDER** |
| v. | (Doc. 23) |
| HADDAD, et al., | **21-DAY DEADLINE** |
| Defendants. | |

Plaintiff Dominique Zafir Casey is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

The Court issued its First Screening order on January 12, 2023, (doc. 19), and found Plaintiff's complaint failed to allege a cognizable claim against any defendant. (*Id*. at 5-10.) Plaintiff was granted leave to file an amended complaint, curing the deficiencies identified in the order. (*Id.* at 10-11.)

On March 3, 2023, Plaintiff filed a first amended complaint. (Doc. 23.)

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.     PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g.*, *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), overruled on other grounds, *Castro v. C'nty of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Bennett*, 567 F.3d at 570.

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### C. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.  DISCUSSION

#### A. Plaintiff's First Amended Complaint

Plaintiff's first amended complaint names Sergeant Haddad and Correctional Officers Agatar, Castillo, Castro, Fernandez and John Doe employed at Kern Valley State Prison as defendants in this action. (Doc. 23 at 1-4.) Plaintiff seeks a total of $5,000,000 in damages and states he wishes to be transferred to another prison. (*Id*. at 8.)

#### B. The Factual Allegations

Plaintiff asserts Defendant Haddad was "trying to be present" while he was speaking "one on one" with a psychologist.[1] He contends Haddad "is not to be present at that time" and that Haddad "& the other C.O.s involved" disregarded his suicidal ideation. (Doc. 23 at 5.) Plaintiff alleges Defendants Castro and Fernandez "snatched" him out of the holding cage. (*Id.*) Castro pulled on his dreads and Fernandez pulled on his body. (*Id.*) Plaintiff states there were "no cameras, no alarms, no mental health, nurses nor lieutenants as it should be for a cell [he] was in."

---

[1] Plaintiff does not reference an incident date in his first amended complaint. Nevertheless, the Court notes his original complaint indicated the events at issue occurred on March 2, 2020. (*See* Doc. 1 at 3.) *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

(*Id.*) He contends Fernandez choked him while Castro lifted his legs. (*Id.*) Defendant Castillo "upper cutted" Plaintiff in the stomach, and Fernandez and Castro "slammed [him] on the ground." (*Id.*) While Plaintiff was on the ground, he alleges he was "punched & kicked by the C.O.s." (*Id.*) Haddad and Defendant Agatar watched the attack. (*Id.*) Plaintiff alleges he was handcuffed behind his back, leg shackled, and was "stomped out again." (*Id.*) Then "the C.O.s put their knees on [his] head, neck, back, & legs until [he] was picked up & dragged by" Fernandez and Castro from the patio to a cell. Again Haddad and the "C.O.s just watched." (*Id.*) Plaintiff contends he had "lumps" on his head, scars on his body, lacerations on his wrists and ankles and his dreads were pulled out. (*Id.*) He suffered constant body pain, ankle trauma requiring a wheelchair, and anxiety. (*Id.*)

### C.  Plaintiff's Eighth Amendment Claims

Plaintiff alleges violations of his Eighth Amendment rights against the named Defendants. (Doc. 23 at 5.)

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks & citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks & citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7

(1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

A prison official may be liable under section 1983 if he is aware that a fellow officer is violating a prisoner's constitutional rights but fails to intervene. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen"); *see also Gaudreault v. Municipality of Salem*, 923 F.2d, 203, 207 n.3 (1st Cir. 1990) ("An officer who is present at the scene who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance"). The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham*, 229 F.3d at 1289*; Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995)

Here, liberally construing the first amended complaint, Plaintiff plausibly alleges excessive force claims against Defendants Fernandez, Castillo and Castro. Plaintiff contends he was handcuffed, and his leg shackled when he was choked, punched, kicked and/or slammed to the ground by Fernandez, Castillo and Castro after Haddad ignored his request to speak with a psychologist one-on-one concerning his suicidal thoughts. *Hoard*, 904 F.3d at 788. However, Plaintiff has failed to allege a plausible excessive force claim against any other Defendant. No facts indicate that either Defendant Haddad or Defendant Agatar participated in the use of force against Plaintiff, and Haddad and Agatar were observers. Moreover, to the extent Plaintiff intended to assert an excessive force claim against Defendant John Doe, Plaintiff fails to assert specific facts concerning this individual's actions. Referring to "other C.O.s" or "the C.O.s" is insufficient to state a claim. *Rizzo*, 423 U.S. at 373-75. Plaintiff must briefly identify what each defendant did or did not do. *Iqbal*, 556 U.S. at 678.

Concerning the actions of Defendants Haddad and Agatar, Plaintiff plausibly alleges Eighth Amendment failure to intervene claims against these defendants. Plaintiff contends that Haddad and Agatar "watched him get attacked" and "just watched," inferring neither intervened after witnessing the actions of Fernandez, Castillo and Castro, despite having the opportunity to do so. *Cunningham*, 229 F.3d at 1289; *Lolli*, 351 F.3d at 418.

In sum, Plaintiff alleges cognizable Eighth Amendment excessive force claims against Defendants Fernandez, Castillo and Castro. Further, Plaintiff alleges cognizable Eighth Amendment failure to intervene claims against Defendants Haddad and Agatar. However, Plaintiff fails to allege a plausible Eighth Amendment claim against Defendant John Doe. Plaintiff will be afforded one final opportunity to cure that deficiency, to the extent he is able to do so in good faith.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's first amended complaint states cognizable Eighth Amendment claims against Defendants Agatar, Castillo, Castro, Fernandez, and Haddad. However, Plaintiff's first amended complaint fails to state any other cognizable claim against any other named defendant.

Because Plaintiff may be able to cure the deficiencies in his pleading, the Court will grant Plaintiff one final opportunity to amend his complaint. Within 21 days of the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified in this order. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal.

Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, a second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order; however, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

If Plaintiff does not wish to file a second amended complaint and he is agreeable to proceeding only on the cognizable claims identified herein by the Court, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims.

In sum, Plaintiff has three choices: (1) he may file a notice with the Court electing to proceed only on those claims deemed cognizable by the Court—Eighth Amendment excessive force claims against Defendants Castillo, Castro and Fernandez, and failure to intervene claims against Defendants Agatar and Haddad—with the remaining claims to be dismissed; or (2) he may file a second amended complaint; or (3) he may file a notice of voluntary dismissal.

Lastly, if Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a second amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, **Plaintiff must either**:

    (a) Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed *only* on his Eighth Amendment excessive force claims against Defendants Castillo, Castro and Fernandez, and Eighth Amendment failure to intervene claims against Defendants Agatar and Haddad, the remaining claims to be dismissed; *or*

    (b) File a second amended complaint curing the deficiencies identified by the Court in this order; *or*

    (c) in the alternative, file a notice of voluntary dismissal (Fed. R. Civ. P. 41(a)(1)(A)(i)).

//
//
//
//

**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **November 15, 2023**              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE