1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DOMINIQUE ZAFIR CASEY,                    Case No. 1:21-cv-00855-NODJ-SKO (PC)

12                     Plaintiff,               **ORDER TO SHOW CAUSE WHY
                                                DEFENDANTS AGATAR AND CASTILLO
13          v.                                  SHOULD NOT BE DISMISSED FROM THIS
                                                ACTION FOR FAILURE TO PROVIDE
14    HADDAD, et al.,                           SUFFICIENT INFORMATION TO
                                                EFFECTUATE SERVICE**
15                     Defendants.
                                                **30-DAY DEADLINE**
16

17          Plaintiff Dominique Zafir Casey is a state prisoner proceeding pro se in this civil rights

18    action brought pursuant to 42 U.S.C. § 1983.

19          The action proceeds on Plaintiff's Eighth Amendment excessive force claims against

20    Defendants Castillo, Castro and Fernandez, and failure to intervene claims against Defendants

21    Agatar and Haddad.

22          **I.      BACKGROUND**

23          Following screening of the first amended complaint, this Court issued its Order Finding

24    Service Appropriate on January 22, 2024. (Doc. 30.) Service of Defendants Agatar, Castillo,

25    Castro, Fernandez, and Haddad was to be effected under the Court's e-service pilot program. (*Id.*

26    at 1-2.) The Order included the following information regarding Defendants Agatar and Castillo:

27    "**Agatar**, allegedly employed as a correctional officer at Kern Valley State Prison ('KVSP') in

28    Delano, California on March 2, 2020" and "**Castillo**, allegedly employed as a correctional officer

1    at KVSP in Delano, California on March 2, 2020." (*Id*., emphasis in original.)

2         On January 23, 2024,[1] the Court received a notice of intent not to waive personal service

3    as to Defendants Agatar and Castillo because they could not be identified. (Doc. 33 ["Unable to

4    Identify"].) On January 30, 2024, the United States Marshal advised the Court that service could

5    not be effected on Defendants Agatar and Castillo because although they had reached out to the

6    litigation coordinator at Kern Valley State Prison, neither individual could be identified based

7    upon the information provided. (Doc. 34.)

8         **II.    DISCUSSION AND ORDER**

9         Federal Rule of Civil Procedure 4(m) provides as follows:

10
     > If a defendant is not served within 90 days after the complaint is filed, the court—
11   > on motion or on its own after notice to the plaintiff—must dismiss the action
     > without prejudice against that defendant or order that service be made within a
12   > specified time.  But if the plaintiff shows good cause for the failure, the court
     > must extend the time for service for an appropriate period.
13

14   Fed. R. Civ. P. 4(m).

15        In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the

16   court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro

17   se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

18   summons and complaint, and . . . should not be penalized by having his or her action dismissed

19   for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the

20   duties required of each of them . . .." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

21   "So long as the prisoner has furnished the information necessary to identify the defendant, the

22   marshal's failure to effect service is 'automatically good cause . . .'" *Walker v. Sumner*, 14 F.3d

23   1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472

24   (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient

25   information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of

26   the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

27   _____

28   [1] Also on January 23, 2024, the Court received a notice of intent to waive personal service for Defendants
     Castro, Fernandez and Haddad. (Doc. 32.) Accordingly, the Court anticipates waivers as to these
     Defendants will be filed in due course.

Here, the United States Marshal has attempted to serve Defendants Agatar and Castillo. However, the Marshal was advised that neither Agatar nor Castillo could be identified as having been employed at KVSP based upon the information provided. Therefore, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's first amended complaint on Defendants Agatar and Castillo, as is his obligation. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate these individuals, Defendants Agatar and Castillo shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Agatar and Castillo should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information[2] that will assist the United States Marshal in locating Defendants Agatar and Castillo for service of process.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants Agatar and Castillo should not be dismissed from this action; and

2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **February 2, 2024**                    */s/ Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] Helpful additional information might include, for example, first names or initials, badge numbers, or physical descriptions.

3