UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE ZAFIR CASEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HADDAD, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00855-NODJ-SKO (PC)<br><br>**ORDER FINDING RE-SERVICE APPROPRIATE AS TO CERTAIN DEFENDANTS** |

　　　　Plaintiff Dominique Zafir Casey is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

　　　　Following screening of Plaintiff's first amended complaint, this action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Castillo, Castro and Fernandez, and failure to intervene claims against Defendants Agatar and Haddad. (*See* Doc. 29.)

　　　　On January 22, 2024, this Court issued its Order Finding Service Appropriate. (Doc. 30.) Service was to be effected on Defendants Agatar, Castillo, Castro, Fernandez and Haddad. (*Id*. at 1-2.) On January 23, 2024, a Notice of Intent to Waive Service was filed as to Defendants Castro, Fernandez and Haddad. (Doc. 32.) That same date, a Notice of Intent Not to Waive Service was filed as to Defendants Agatar and Castillo, as those individuals could not be

1  identified. (Doc. 33.) On January 30, 2024, summonses were returned unexecuted as to
2  Defendants Agatar and Castillo. The United States Marshal stated the litigation coordinator at
3  Kern Valley State Prison ("KVSP") could not identify these individuals as correctional officers
4  employed at KVSP with the information provided. (Doc. 34.)

5       On February 2, 2024, the Court issued its Order To Show Cause ("OSC") Why
6  Defendants Agatar And Castillo Should Not Be Dismissed From This Action For Failure To
7  Provide Sufficient Information To Effectuate Service. (Doc. 35.) Plaintiff was ordered to file a
8  response to the OSC within 30 days, or, alternatively, to provide additional information to assist
9  the United States Marshal in effecting service of process. (*Id*. at 2-3.)

10       On February 22, 2024, Defendants Castro, Fernandez, and Haddad filed waivers of
11  service;[1] responsive pleadings by Castro, Fernandez, and Haddad are to be filed no later than
12  March 25, 2024. (Doc. 36.) On February 26, 2024, Plaintiff responded to the OSC by providing
13  additional information concerning named Defendants Agatar and Castillo. (Doc. 38.)

## II. DISCUSSION

Plaintiff provides the following additional information concerning Defendants Agatar and Castillo:

1. Plaintiff describes "C.O. Agatar" as a Hispanic male, about 50 years of age, approximately 5'9" and 200 pounds. Plaintiff states Agatar "worked as plaintiff['s] building C.O. at the time of the incident;" and

2. Plaintiff describes "C.O. Castillo" as a Hispanic male, about 40 years of age, approximately 5'5" and 200 pounds. Plaintiff states Castillo was often "the [patio] C.O. at the time of the incident."

(Doc. 38.) The incident giving rise to Plaintiff's claims occurred on March 2, 2020. (*See* Doc. 25 at 4, n.1.) Given this additional information, the Court will order further efforts be undertaken to serve these defendants.

## III. CONCLUSION AND ORDER

---

[1] Defense counsel clarified on March 1, 2024, that the waiver of service filed February 22, 2024, applied only to Defendants Castro, Fernandez, and Haddad, despite the text of the docket entry including Agatar and Haddad. (*See* Docs. 37 [minute order] & 39 [response].)

Accordingly, the Court **ORDERS**:

1. Service shall be effected on the following:

    a. **Agatar**, allegedly employed as a correctional officer at KVSP on March 2, 2020, described as a Hispanic male, about 50 years of age, approximately 5'9" and 200 pounds, and assigned as the "building C.O." where Plaintiff was housed on March 2, 2020; and

    b. **Castillo**, allegedly employed as a correctional officer at KVSP on March 2, 2020, described as a Hispanic male, about 40 years of age, approximately 5'5" and 200 pounds, and frequently assigned as "[patio] C.O." where Plaintiff was housed on March 2, 2020.

2. The Clerk of the Court SHALL provide the United States Marshal with a copy of the first amended complaint, the summons, Plaintiff's response filed February 26, 2024 (Doc. 38) and this order.

3. The United States Marshal SHALL serve process of the first amended complaint, the summons, and this order upon Defendants Agatar and Castillo pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c). Within 10 days of personal service, the United States Marshal shall file the return of service, along with any costs subsequently incurred in effecting service. These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal for photocopying the summons and first amended complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against each personally served defendant in accordance with Fed. R. Civ. P. 4(d)(2).

IT IS SO ORDERED.

Dated:   **March 4, 2024**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE