UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE ZAFIR CASEY,<br><br>            Plaintiff,<br><br>     v.<br><br>HADDAD, et al.,<br><br>            Defendants. | Case No. 1:21-cv-00855-NODJ-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS AGATAR AND CASTILLO**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Dominique Zafir Casey is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

On November 16, 2023, the Court issued its Second Screening Order. (Doc. 25.) It found Plaintiff stated a cognizable Eighth Amendment claims against Defendants Agatar, Castillo, Castro, Haddad and Fernandez, but failed to allege any other cognizable claim against any named defendant. (*Id*. at 4-7.) Plaintiff was directed to do one of the following within 21 days: (1) notify the Court he did not wish to file a second amended complaint and instead was willing to proceed only on the Eighth Amendment excessive force claims against Defendants Castillo, Castro and Fernandez, and failure to intervene claims against Defendants Agatar and Haddad, with the remaining claims to be dismissed; (2) file a second amended complaint curing the deficiencies identified in the Court's order, or (3) file a notice of voluntary dismissal. (*Id*. at 7-9.) On

December 7, 2023, Plaintiff filed a notice stating he wished to proceed only on the claim found cognizable by the Court. (*See* Doc. 27.)

On December 12, 2023, the Court issued Findings and Recommendations to Dismiss Certain Claims and Defendants. (Doc. 28.) The Court recommended that this action proceed only on Plaintiff's Eighth Amendment excessive force claims against Defendants Castillo, Castro and Fernandez, and his failure to intervene claims against Defendants Agatar and Haddad. (*Id*. at 2.) The Court also recommended that Defendant John Doe be dismissed from the action. (*Id*.) The findings were adopted in full on January 18, 2024. (Doc. 29.)

On January 22, 2024, this Court issued its Order Finding Service Appropriate. (Doc. 30.) Service was to be effected on Defendants Agatar, Castillo, Castro, Fernandez and Haddad. (*Id*. at 1-2.)  On January 23, 2024, a Notice of Intent to Waive Service was filed as to Defendants Castro, Fernandez and Haddad. (Doc. 32.) That same date, a Notice of Intent Not to Waive Service was filed as to Defendants Agatar and Castillo, as those individuals could not be identified. (Doc. 33.) On January 30, 2024, summonses were returned unexecuted as to Defendants Agatar and Castillo. The United States Marshal indicated the litigation coordinator at Kern Valley State Prison ("KVSP") could not identify these individuals as correctional officers employed at KVSP with the information provided. (Doc. 34.)

On February 2, 2024, the Court issued its Order To Show Cause ("OSC") Why Defendants Agatar And Castillo Should Not Be Dismissed From This Action For Failure To Provide Sufficient Information To Effectuate Service. (Doc. 35.) Plaintiff was ordered to file a response to the OSC within 30 days, or, alternatively, to provide additional information to assist the United States Marshal in effecting service of process. (*Id*. at 2-3.)

On February 22, 2024, Defendants Castro, Fernandez, and Haddad filed waivers of service,[1] and responsive pleadings by Castro, Fernandez, and Haddad were to be filed no later than March 25, 2024. (Doc. 36.) On February 26, 2024, Plaintiff responded to the OSC by providing additional information concerning named Defendants Agatar and Castillo. (Doc. 38.)

---

[1] Defense counsel clarified on March 1, 2024, that the waiver of service filed February 22, 2024, applied only to Defendants Castro, Fernandez, and Haddad, despite the text of the docket entry including Agatar and Haddad. (*See* Docs. 37 [minute order] & 39 [response].)

On March 5, 2024, the Court issued its Order Finding Re-Service Appropriate as to Certain Defendants. (Doc. 40.) The United States Marshal was to attempt re-service of Defendants Agatar and Castillo by using the additional identifying information provided by Plaintiff. (*Id*. at 2-3.)

On March 8, 2024, the United States Marshal indicated service could not be effected on either Defendant Agatar or Castillo. (Doc. 41.) The litigation coordinator at KVSP advised the Marshal that no individual was employed at KVSP meeting the description provided and did not have "anybody close working with the last name Agatar" or "anybody close to last name Castillo working at KVSP." (*Id*. at 1, 3.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As Plaintiff has been previously advised, in cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant

appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the U.S. Marshal attempted to serve Defendants Agatar and Castillo on more than one occasion. On the first occasion, the Marshal was advised by the litigation coordinator at KVSP that neither Agatar nor Castillo could be identified as correctional officers employed at KVSP. (Doc. 34.) On the second occasion, employing the additional identifying descriptive information provided by Plaintiff (Docs. 38 & 40), the KVSP litigation coordinator advised the Marshal that neither Agatar nor Castillo could be identified as being employed at KVSP (Doc. 41).

The United States Marshal has complied with the Court's service orders but has been unsuccessful in serving Defendants Agatar and Castillo with the information provided by Plaintiff. *Puett*, 912 F.2d at 275. Therefore, Plaintiff has failed to provide accurate and sufficient information to effect service of process on these defendants. *Walker*, 14 F.3d at 1421-22. Further efforts to effect service of process on these individuals appears futile.  Therefore, this Court will recommend Defendants Agatar and Castillo be dismissed from this action, without prejudice, for Plaintiff's failure to effect service of process. Fed. R. Civ. P. 4(m).

### III.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court **RECOMMENDS** that:

1. This action **PROCEED** <u>only</u> on Plaintiff's Eighth Amendment excessive force claims against Defendants Castro and Fernandez and Eighth Amendment failure to intervene claim against Defendant Haddad; and

2. Defendants Agatar and Castillo be **DISMISSED**, without prejudice, from this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

//

//

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 13, 2024**                          /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE