1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOMINIQUE ZAFIR CASEY,                 | Case No. 1:21-cv-00855-KES-SKO (PC)

12            Plaintiff,                     | **ORDER GRANTING IN PART AND
                                             | DENYING IN PART DEFENDANTS'**
13        v.                                 | **UNOPPOSED MOTION TO COMPEL AND
                                             | REQUEST FOR SANCTIONS**
14   HADDAD, et al.,

15            Defendants.                    | (Doc. 64)

16

17        Plaintiff Dominique Zafir Casey is a state prisoner proceeding pro se in this civil rights

18   action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's constitutional

19   claims against Defendants Castro, Fernandez, and Haddad.

20        **I.      INTRODUCTION**

21        The Court issued its Discovery and Scheduling Order on September 18, 2024. (Doc. 60.)

22   On February 14, 2025, the Court granted Defendants' motion to modify the discovery order.

23   (Doc. 63.) Specifically, the deadline for completing discovery, including the filing of any motion

24   to compel, was extended to March 20, 2025, and the dispositive motion filing deadline was

25   extended to May 21, 2025. (*Id*. at 2.)

26        On March 20, 2025, Defendants filed their Motion to Compel and Request for Sanctions.

27   (Doc. 64.) Plaintiff did not file an opposition to the motion.

28

1    **II.    DISCUSSION**

2        **A.  Defendants' Briefing**

3        Defendants seek an order compelling Plaintiff to sit for a second deposition and to

4    produce complete responses to numbers 3, 5, and 6, of their request for production of documents.

5    (Doc. 64 at 1, 12-14, 16-17.) Defendants also seek sanctions totaling $3,023.45 for costs and

6    attorney's fees associated with Plaintiff's first deposition and preparation of the instant motion.

7    (*Id*. at 1, 14-15.)

8        **B.  General Principles Concerning Discovery**

9        "District courts have broad discretion to manage discovery and to control the course of

10   litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606,

11   616 (9th Cir. 2012) (quotation marks & citation omitted). The purpose of discovery is to "remove

12   surprise from trial preparation so the parties can obtain evidence necessary to evaluate and

13   resolve their dispute." *United States v. Chapman Univ*., 245 F.R.D. 646, 648 (C.D. Cal. 2007)

14   (quotation & citation omitted). "Parties may obtain discovery regarding any nonprivileged matter

15   that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1).

16       **C.  Plaintiff Must Sit for a Second Deposition**

17       The Discovery and Scheduling Order provides as follows: "Pursuant to Federal Rule of

18   Civil Procedure 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in a

19   prison, by video or in person, provided that, at least 14 days before such a deposition, Defendants

20   serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)." (Doc. 60

21   at 2, n. omitted.) Further, that order provides that "the failure of Plaintiff to attend, be sworn, and

22   answer appropriate questions may result in sanctions, including terminating sanctions as provided

23   in Federal Rule of Civil Procedure 37." (*Id*.)

24       Rule 30 of the Federal Rules of Civil Procedure provides that a "court may impose an

25   appropriate sanction—including the reasonable expenses and attorney's fees incurred by any

26   party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed.

27   R. Civ. P. 30(d)(2).

28       Defendants properly noticed Plaintiff's deposition for February 27, 2025. However, after

1  being placed under oath, Plaintiff refused to answer questions and claimed ignorance regarding

2  the deposition process. Defense counsel states that before the deposition on February 27, 2005,

3  Plaintiff had been deposed in another action pending in this Court: *Casey v. Brown*, No. 1:23-cv-

4  01068-JLT-SAB. During his January 2025 deposition in the other action, Plaintiff acknowledged

5  and understood the purpose and format of a deposition and his responsibilities to testify honestly

6  and competently. Defendants contend that Plaintiff's claimed ignorance, lies about experience

7  testifying under oath, and refusal to proceed with the February 27 deposition in this case warrant

8  an order from the Court compelling Plaintiff to testify at a second deposition.

9  A review of the transcript from the February 27, 2025,[1] deposition reveals that Plaintiff

10 was uncooperative and alleged he was unfamiliar with the deposition process. (*See, e.g.*,

11 Deposition of Casey, at 5-8, 10-12.) Plaintiff claimed that the deposition process as explained by

12 defense counsel was unfair and that a judge should be present at the deposition. (*Id*. at 10-15.)[2]

13 Plaintiff then stated he did not wish to proceed with the deposition and defense counsel ended the

14 proceedings following a discussion regarding outstanding discovery responses. (*Id*. at 16-18, 32-

15 33.)

16 Plaintiff is obligated to follow applicable federal and local rules. As Plaintiff was advised

17 nearly four years ago in the Court's First Informational Order in Prisoner/Civil Detainee Civil

18 Rights Case, "the parties must comply with this Order, the Federal Rules of Civil Procedure …,

19 and the Local Rules of the United States District Court, Eastern District of California …." (Doc. 3

20 at 1.) Plaintiff was also advised that "[o]nce the Court allows discovery to begin, the parties may

21 initiate it, as provided in both the Federal Rules of Civil Procedure and Local Rules, without

22 additional approval from the Court." (*Id*. at 4.) The Court does not participate in discovery, nor

23 does it conduct or preside over depositions.

24 Further, Plaintiff's "pro se status does not excuse intentional noncompliance with

25
26 [1] Defendants lodged a copy of the February 27, 2025, deposition transcript with the Court on March 20, 2025. (*See* Doc. 65.)

27 [2] The Court also reviewed Plaintiff's deposition testimony of January 10, 2025, taken in *Casey v. Brown*, No. 1:23-cv-01068-JLT-SAB. A review of that transcript reveals Plaintiff acknowledged his obligation to
28 testify truthfully and understood the deposition process, and that he answered counsel's questions concerning his claims in that action.

1    discovery rules and court orders." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014);

2    *see also Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (lack of a lawyer does not

3    excuse noncompliance with discovery rules and court orders).

4         The Court will direct that Plaintiff participate in a deposition to occur within a certain time

5    and will further direct Plaintiff to avoid certain behaviors and known falsehoods as addressed

6    below. *See, e.g.*, *Rabb v. Figueroa*, No. 1:23-cv-00843-JLT-SAB (PC), 2024 WL 4507636, at *4-

7    5 (E.D. Cal. Sept. 27, 2024) (holding that "by filing suit, Plaintiff 'assumed the responsibility of

8    proving through admissible evidence the serious allegations of his complaint,'" that "Defendants

9    have a fundamental right to discovery and to effectively defend themselves," and compelling

10   Plaintiff "to sit for a rescheduled and renoticed deposition"); *Bledsoe v. Martinez*, No. 2:18-cv-

11   2710 JAM KJN P, 2021 WL 463598, at *6 (E.D. Cal. Feb. 9, 2021) (ordering pro se plaintiff to

12   attend his deposition, and admonishing plaintiff that "he cannot demand defense counsel produce

13   documents or witnesses, nonparty or otherwise, at plaintiff's deposition"); *Scott v. Palmer*, No.

14   1:09-CV-01329-LJO-SKO (PC), 2014 WL 6685813, at *3 (E.D. Cal., Nov. 26, 2014)

15   (admonishing a state prisoner proceeding pro se that use of profanity, abusive conduct, and

16   uncooperativeness at a deposition is grounds for terminating sanctions and advising him pro se

17   status does not "shield him from the consequences of abusive behavior").

18        In sum, Plaintiff will be directed to sit for a second deposition and is expected to

19   cooperate during the proceeding.

20        **D.    Plaintiff Must Respond to Number 3, 5, and 6 of Defendants' Request for Production of Documents, Set One**

21        Rule 34 of the Federal Rules of Civil Procedure pertains to the production of documents,

22   and states that "[a] party may serve on any other party a request within the scope of Rule 26(b)"

23   to produce certain documents or things. Fed. R. Civ. P. 34(a).

24        Defendants contend Plaintiff failed to respond to their request for production of

25   documents, numbers 5 and 6, and failed to produce the documents referenced in his response to

26   request number 3.

27        The Court has reviewed the relevant discovery requests, Plaintiff's response, and defense

28   counsel's declaration. (*See* Doc. 64-1 at 16; Doc. 64-2 at 2-3, ¶ 10; Doc. 64-2 at 5-10 [Ex. A to

4

1    Decl. of Chan] & 64-2 at 49 [Ex. D to Decl. of Chan].) Plaintiff will be ordered to provide

2    complete responses to request numbers 5 and 6, and to produce the documents related to his

3    response to request number 3.

4                    **E.    Defendants' Request for Sanctions Will Be Denied**

5            Under Rules 37 of the Federal Rules of Civil Procedure 37(a)(5)(A), if a motion to compel

6    is granted:

7                    the court must, after giving an opportunity to be heard, require the
                     party or deponent whose conduct necessitated the motion ... to pay
8                    the movant's reasonable expenses incurred in making the motion,
                     including attorney's fees. But the court must not order this payment
9                    if:

10                   (i) the movant filed the motion before attempting in good faith to
                     obtain the disclosure or discovery without court action;
11
                     (ii) the opposing party's nondisclosure, response, or objection was
12                   substantially justified; or

13                   (iii) other circumstances make an award of expenses unjust.

14   Fed. R. Civ. P. (a)(5)(A). "Rule 37(d) provides that if a party fails to appear at a duly noticed

15   deposition, the court may order sanctions" but that "courts frequently refuse to impose monetary

16   sanctions on indigent parties." *Hammler v. Lyons*, No. 1:19-cv-01650-AWI-GSA-PC, 2023 WL

17   395898, at *10 (E.D. Cal. Jan. 25, 2023) (collecting cases).

18           The Court declines to award monetary sanctions at this juncture. *See, e.g.*, *Johnson v.*

19   *Nelson*, No. 2:20-cv-0967 WBS DB P, 2022 WL 118948, at *2 (granting defendant's motion to

20   compel plaintiff to participate in a deposition but denying the imposition of monetary sanctions).

21   "'The Ninth Circuit has stated that where a pro se prisoner attends a deposition, but refuses to

22   testify, he has not failed to appear,'" and that "'the proper remedy is a court order to testify under

23   Rule 37(a).'" *Id*. However, Plaintiff is advised that in the event he was to refuse to participate in

24   the second deposition, the Court would entertain a motion for terminating sanctions and may

25   recommend dismissal of this action. *See Simmons v. Pompey*, No. 2:19-cv-02491-JDP (PC), 2021

26   WL 1315239, at *2 (E.D. Cal. Apr. 8, 2021) (declining to impose monetary sanctions but warning

27   plaintiff "that if he refuses to sit for his deposition a second time," the court will recommend

28   dismissal of the action).

1   In sum, the Court finds an award of monetary sanctions at this stage would be unjust and

2   that the appropriate remedy is to require Plaintiff to sit for a second deposition. Fed. R. Civ. P.

3   (a)(5)(A); *Johnson*, 2022 WL 118948, at *2.

4   **III.    CONCLUSION AND ORDER**

5   Accordingly, for the reasons stated above, the Court **HEREBY ORDERS**:

6   1.  Defendants' motion to compel and request for sanctions (Doc. 64) is **GRANTED** in

7   part and **DENIED** in part as follows:

8   a.  Plaintiff **SHALL** sit for a second deposition **no later than 45 days** from the

9   date of this order. Defendants shall re-notice Plaintiff's deposition in

10   accordance with Rule 30 of the Federal Rules of Civil Procedure;

11   b.  Plaintiff **SHALL** respond to request numbers 5 and 6 and provide the

12   documentation relevant to his response concerning request number 3, to

13   Defendant Castro's Requests for Production of Documents, Set One, **within 14**

14   **days** of the date of this order. Plaintiff's responses should be mailed directly to

15   defense counsel and should not be sent to the Court;

16   c.  Defendants' request for monetary sanctions is **DENIED**; and

17   2.  The Discovery and Scheduling Order is further **MODIFIED** as follows:

18   a.  The dispositive motion filing deadline is extended from May 21, 2025, to

19   Monday, **July 21, 2025**.

20

21   IT IS SO ORDERED.

22   Dated:    **April 22, 2025**                    /s/ *Sheila K. Oberto*

23                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28