1

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DOMINIQUE ZAFIR CASEY,                    Case No. 1:21-cv-00855-KES-SKO (PC)

11                    Plaintiff,               **ORDER GRANTING IN PART AND
                                               DENYING IN PART DEFENDANTS'**
12        v.                                   **UNOPPOSED MOTION TO COMPEL AND
                                               REQUEST FOR SANCTIONS**
13   HADDAD, et al.,

14                    Defendants.              (Doc. 66)

15

16        Plaintiff Dominique Zafir Casey is a state prisoner proceeding pro se in this civil rights

17   action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's constitutional

18   claims against Defendants Castro, Fernandez, and Haddad.

19                          **I.        INTRODUCTION**

20        The Court issued its Discovery and Scheduling Order on September 18, 2024. (Doc. 60.)

21   On March 20, 2025, Defendants filed their first Motion to Compel and Request for Sanctions, (Doc.

22   64), which the Court granted in part, (Doc. 66). In the Court's order granting the first Motion to

23   Compel and Request for Sanctions, the Court ordered Plaintiff to "sit for a second deposition" and

24   "respond to request numbers 5 and 6 and provide the documentation relevant to his response

25   concerning request number 3." (*Id.* at 6.) In that order, the Court also advised Plaintiff "that in the

26   event he was to refuse to participate in the second deposition, the Court would entertain a motion

27   for terminating sanctions and may recommend dismissal of this action." (*Id.* at 5.)

28        On May 12, 2025, Defendants received Plaintiff's supplemental responses to Defendant

Castro's Request for Production of Documents. (Doc. 68-2 ("Chan Decl.") ¶ 10; Chan Decl. Ex. A at 5–10.) Plaintiff responded to each request, including Request Number 3, with the same response: "Don't have any the courts don't already have." (Chan Decl. Ex. A.) Plaintiff did not attach any responsive documents to his supplemental responses. (*Id.*)

On May 21, 2025, Defendants took Plaintiff's second deposition by video conference. Although Plaintiff cooperated to a greater extent than he did during the first deposition and he answered questions related to his claims against the Defendants, Plaintiff refused to answer questions related to his medical care and mental health treatment. (*See* Chan Decl. Ex. B at 18:22–19:5, 27:17–30:11, 36:10–39:3, 69:13–70:17, 76:14–79:17, 82:14–83:12.)

On June 6, 2025, Defendants filed their second Motion to Compel and Request for Sanctions. (Doc. 68.) Plaintiff did not oppose the motion or otherwise respond. (*See generally* Docket.)

## II.   DISCUSSION

### A.   General Principles Concerning Discovery

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks & citation omitted). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation & citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

### B.   Applicable Legal Standards

On motion, the Court may order sanctions against a party for failure, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Such sanctions may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. *Id*. Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—*i.e.*, willful

1  disobedience or bad faith. *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996).

2        The court may consider a party's pro se status in evaluating the willfulness of discovery

3  violations and in weighing the other factors regarding dismissal, but lack of a lawyer does not

4  excuse intentional noncompliance with discovery rules and court orders. *See Castillo v. Johnson*,

5  2021 WL 2165204, at *4 (C.D. Cal. May 25, 2021), adopted, 2021 WL 2165206 (C.D. Cal. May

6  26, 2021); *Dettmanti v. Davies*, No. CV 13-3484-MWF (JPR), 2016 WL 649530 at *3 (C.D. Cal.

7  Sept. 28, 2016) (citing *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000)) (affirming

8  sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a

9  lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Gordon v. Cnty.*

10  *Of Alameda*, No. CV-06-02997-SBA, 2007 WL 1750207 at *5 (N.D. Cal. June 15, 2007) ("pro se

11  plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is

12  warranted").  District courts also have the inherent power to control their dockets and "[i]n the

13  exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."

14  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

15        The Ninth Circuit has identified five factors that a court must consider before imposing the

16  sanction of dismissal: "(1) the public's interest in the expeditious resolution of litigation; (2) the

17  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

18  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

19  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Ninth Circuit has stated that when

20  considering "case-dispositive sanctions, the most critical factor is not merely delay or docket

21  management concerns, but truth . . . [and] regarding risk of prejudice and of less drastic

22  sanctions . . .whether the discovery violations 'threaten to interfere with the rightful decision of the

23  case.'" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir.

24  2007) (quoting *Valley Eng'rs v. Electric Eng'g Co*., 158 F.3d 1051, 1057 (9th Cir.1998); *see also*

25  *Wanderer v. Johnston*, 910 F2d 652, 656 (9th Cir. 1990) (the amount of prejudice resulting from

26  the discovery violations and the availability of less drastic sanctions are said to be "key factors").

27  "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's

28  action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions."

1   *Conn. Gen. Life Ins.*, 482 F.3d at 1096.

2   **C.    Analysis**

3       Defendants seek an order terminating the action pursuant to Federal Rule of Civil Procedure

4   37. (Doc. 68-1 at 13–19.) Defendants argue that a terminating sanction is appropriate in light of the

5   Court's warning in its prior order, (*id.* at 5 ("Plaintiff is advised that in the event he was to refuse

6   to participate in the second deposition, the Court would entertain a motion for terminating sanctions

7   and may recommend dismissal of this action"), and Plaintiff's willful failure to (1) comply with

8   that order in that he failed to answer relevant questions posed by Defendants at the deposition and

9   to (2) produce requested documents—both of which were the subject of the prior order granting in

10  part Defendants' Motion to Compel, (*id.* at 18, 23; *see also* Doc. 66 at 6). Defendants further

11  contend that "[i]n aggregate, [the factors relevant to a court's consideration of dismissal] weigh in

12  favor of dismissal of this instant case." (Doc. 68-1 at 18.)

13      In the alternative, Defendants seek an order compelling Plaintiff to sit for a third deposition,

14  advance their costs for scheduling a court reporter for the third deposition, and to produce

15  documents in response to Defendant Castro's Request Number 3. (*Id.* at 19.) Defendants also seek

16  sanctions and reasonable costs and attorney's fees totaling $7,643.20 for costs and attorney's fees

17  associated with both depositions and preparation of both motions to compel. (*Id.* at 24.)

18      The Court finds that although Plaintiff's conduct was willful, all applicable factors do not

19  weigh in favor of dismissal.

20          1.    Willfulness Finding

21      Defendants properly noticed Plaintiff's deposition for May 21, 2025. However, after being

22  placed under oath, Plaintiff refused to answer questions about his medical care and mental health

23  treatment. (*See* Chan Decl. Ex. B at 5:7–11, 18:22–19:5, 27:17–30:11, 36:10–39:3, 69:13–70:17,

24  76:14–79:17, 82:14–83:12.) As evidence that this failure to answer constituted willful and bad faith

25  noncompliance with the Court's order requiring Plaintiff to sit for the deposition, Defendants point

26  the Court to Plaintiff's conduct in another similar action pending in this Court: *Casey v. Brown*,

27  No. 1:23-cv-01068-JLT-SAB. During his January 2025 deposition in that action, Defendants

28  provide evidence that Plaintiff willingly answered questions as to his medical care and mental

1  health, including whether and for how long he was a participant in his prison's mental health

2  program, (Chan Decl. Ex. C at 8:10–23); and the reasons why he wanted to speak with mental

3  health staff prior to his encounter with Defendants Haddad, Castro, and Fernandez, (*id.* at 39:8–

4  40:6, 46:2–47:18). Defendants contend that Plaintiff's willingness to answer similar questions in a

5  prior deposition in a different action, but an unwillingness to answer then in the present action is

6  evidence of a willful and bad faith violation of the Court's order warranting terminating sanctions.

7  (Doc. 68-1 at 24).

8        The Court agrees that the transcripts of Plaintiff's responses to questions about his medical

9  care and mental health during the January 2025 deposition in the other action stand in material

10 contrast to what the transcripts from the May 2025 deposition reflect as to Plaintiff's responses to

11 similar questions in the present case.  A review of the transcript from the deposition in the other

12 action reveals that Plaintiff did respond to questions about his medical care and health in the January

13 2025 deposition, (*see, e.g.*, Chan Decl. Ex. C at 8:10–23; 39:8–40:6, 46:2–47:18), but refused to do

14 so during the March 20, 2025 deposition, (*see, e.g.*, *See* Chan Decl. Ex. B at 18:22–19:5, 27:17–

15 30:11, 36:10–39:3, 69:13–70:17, 76:14–79:17, 82:14–83:12). Indeed, during Plaintiff's May 2025

16 deposition, Plaintiff repeatedly refused to answer questions about his medical care and mental

17 health without the presence of his medical staff. *See id.* He also invoked an unspecified right not to

18 share his medical info, perhaps intending to invoke the Health Insurance Portability and

19 Accountability Act of 1996 (HIPPA). Pub. L. 104–191, 110 Stat. 1936. But HIPAA "restricts health

20 care entities from disclosure of 'protected health information' ("PHI")." *Curtis v. Padua*, No.

21 115CV01682MJSPC, 2015 WL 7017047, at *3 (E.D. Cal. Nov. 12, 2015). It does not regulate or

22 otherwise provide protection against disclosure by an individual as to their own medical

23 information or PHI, because an individual is not a "covered entit[y] (generally a health plan, a

24 health care clearing house, [or] a health care provider)." *Lee v. Cnty. of Los Angeles*, No. 2:23-CV-

25 06875-GW-MAA, 2025 WL 2684029, at *13 (C.D. Cal. May 21, 2025).

26       The Court finds that in not answering these questions, Plaintiff willfully disobeyed the

27 Court's previous order granting Defendants' Motion to Compel that confirmed Plaintiff's

28 obligation to sit for the May 2025 deposition. "Disobedient conduct not shown to be outside the

control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). Here, Plaintiff's disobedient conduct was within his control. The record reflects that Plaintiff previously answered questions in a deposition in another case similar to the questions he refused to answer during the latest deposition in the present case. Refusal to answer questions in a deposition regarding relevant information to which Plaintiff's answers are not privileged or otherwise protected is conduct within Plaintiff's control and was therefore willful.

2.   <u>Consideration of Factors Warranting Dismissal</u>

Finding Plaintiff's behavior defying this Court's order willful, the Court considers whether dismissal is an appropriate sanction.

First, the Court considers the public's interest in the expeditious resolution of this litigation. The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). This case has been pending since May 2021. (Doc. 1.) The Court issued its Discovery and Scheduling order in September 2024. (Doc. 60.) Defendants have attempted to take Plaintiff's deposition on two occasions without complete success. Defendants are entitled to examine Plaintiff regarding the facts on which Plaintiff bases his claims. Here, the public's interest in the expeditious resolution of this litigation weighs in favor of dismissal.

Second, the Court considers the need to manage its docket. This factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." *See Ferdik v. Bonzelet*, 963 F.2d 1261 (9th Cir. 1992). This action has been pending for more than four years. Following screening and service of the operative complaint, the Court referred the case to post-screening Alternative Dispute Resolution (ADR), (Doc. 47), and held a settlement conference, (Doc. 53). Discovery commenced more than a year ago, (Doc. 60), and the deadline for the completion of discovery was extended to accommodate Plaintiff's original deposition in February 2025, (Doc. 63), and twice more after the May 2025 attempt to depose him was unsuccessful and necessitated filing of the instant motion, (Doc. 71, 73). Plaintiff's unacceptable conduct continues to require the

Court to expend its limited resources to address this matter. Thus, the factor also weighs in favor of dismissal.

Third, the Court considers the risk of prejudice to Defendants. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Adriana Int'l Corp. v. Thoerren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Here, Plaintiff's actions continue to impair Defendants ability to obtain information regarding the circumstances of his claim and the damages he is claiming. Plaintiff's willful refusal to participate in a deposition also continues to delay the trial in this case. Thus, this factor also weighs in favor of dismissal.

Fourth, the Court considers the public policy favoring disposition of this action on its merits. This factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Here, Plaintiff's behavior, exhibited in the February and May 2025 deposition efforts, impedes progress in this action. This factor weighs in favor of dismissal.

Finally, the Court considers the availability of less drastic sanctions. A district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the discovery process. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131-32 (9th Cir. 1987). And as noted above, when "deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth. What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097 (quotation marks omitted). The Ninth Circuit stated this factor includes three subparts, including "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* at 1096.

1    The Court finds a less drastic sanction is available. Here, the Court has issued a Discovery

2    and Scheduling Order addressing Plaintiff's required participation in a properly noticed deposition

3    (*see* Doc. 60 at 2). Because Plaintiff did answer some of Defendants questions, therefore complying

4    in part with the Court's order, and because Plaintiff's refusal to answer seems to have been based

5    on a misunderstanding of law that has now been addressed by the Court, the Court will again

6    compel Plaintiff's deposition as a less drastic sanction.[1]

7    The Court will direct Plaintiff to participate in a deposition within a certain time and will

8    direct Plaintiff to avoid certain behaviors and known falsehoods as addressed below. *See, e.g.*, *Rabb*

9    *v. Figueroa*, No. 1:23-cv-00843-JLT-SAB (PC), 2024 WL 4507636, at *4-5 (E.D. Cal. Sept. 27,

10   2024) (holding that "by filing suit, Plaintiff 'assumed the responsibility of proving through

11   admissible evidence the serious allegations of his complaint,'" that "Defendants have a

12   fundamental right to discovery and to effectively defend themselves," and compelling Plaintiff "to

13   sit for a rescheduled and renoticed deposition"); *Bledsoe v. Martinez*, No. 2:18-cv-2710 JAM KJN

14   P, 2021 WL 463598, at *6 (E.D. Cal. Feb. 9, 2021) (ordering pro se plaintiff to attend his deposition,

15   and admonishing plaintiff that "he cannot demand defense counsel produce documents or

16   witnesses, nonparty or otherwise, at plaintiff's deposition"); *Scott v. Palmer*, No. 1:09-CV-01329-

17   LJO-SKO (PC), 2014 WL 6685813, at *3 (E.D. Cal., Nov. 26, 2014) (admonishing a state prisoner

18   proceeding pro se that use of profanity, abusive conduct, and uncooperativeness at a deposition is

19   grounds for terminating sanctions and advising him pro se status does not "shield him from the

20   consequences of abusive behavior").

21   Plaintiff is again reminded that he is obligated to follow applicable federal and local rules.

22   As Plaintiff was advised four years ago in the Court's First Informational Order in Prisoner/Civil

23   Detainee Civil Rights Case and in the Court's prior order granting in part Defendants' Motion to

---

[1] The Court finds evidentiary sanctions would be ineffective as Plaintiff would be able to testify to information he has
not provided at the deposition. And from the records submitted with Plaintiff's request to proceed without prepayment
of filing fees, the Court finds that Plaintiff would not be able to pay a monetary sanction or prepay costs associated
with a third deposition as discussed in more detail below. *See* (Doc. 6); *Saddozai v. Vaca*, No.
EDCV1901994DOCDFM, 2023 WL 5807865, at *7 (C.D. Cal. July 26, 2023), *report and recommendation adopted*,
No. ED CV 19-01994-DOC (DFM), 2023 WL 5806207 (C.D. Cal. Sept. 5, 2023), *appeal dismissed*, No. 23-2957,
2025 WL 1153807 (9th Cir. Mar. 19, 2025). Therefore, the Court will deny Defendants' request that the Court order
Plaintiff to pay Defendants in advance for their costs for scheduling a court reporter for the third deposition. (*See* Doc.
68-1 at 19.)

1  Compel, "the parties must comply with this Order, the Federal Rules of Civil Procedure …, and the

2  Local Rules of the United States District Court, Eastern District of California." (Doc. 3 at 1; Doc.

3  66.)

4       In sum, the Court will direct Plaintiff to sit for a third deposition. The Court emphasizes and

5  makes clear that Plaintiff is expected to cooperate during the deposition, which includes answering

6  questions seeking relevant information about his medical care and mental health.

7  **D.    Plaintiff Must Respond to Number 3 of Defendants' Request for Production of Documents, Set One**

8

9       Additionally, Defendants seek relief as to Plaintiff's repeated failure to produce the

10  documents responsive to Defendant Castro's Request Number 3 in violation of his discovery

11  obligations and the Court's prior order.  (Doc. 66 at 6; Doc. 68-1 at 23.)

12       Rule 34 of the Federal Rules of Civil Procedure pertains to the production of documents,

13  and states that "[a] party may serve on any other party a request within the scope of Rule 26(b)" to

14  produce certain documents or things. Fed. R. Civ. P. 34(a). The Court has reviewed the relevant

15  discovery requests, Plaintiff's response, and defense counsel's declaration, (*see* Doc. 68-1 at 23;

16  Chan Decl. at 2 ¶ 10; Chan Decl. Ex. A at 5–10), and finds that Plaintiff's response as to Request

17  Number 3 is deficient. However, Court declines to find that this failure constitutes a willful

18  violation of this Court's prior order and therefore determines that sanctions are not appropriate. *See*

19  *Liggins v. Baca*, No. CV 12-10982-CJC (SP), 2014 WL 12774885, at *3 (C.D. Cal. Feb. 18, 2014)

20  ("In particular, plaintiff is a pro se prisoner litigant whose failure to respond properly to the

21  discovery requests appears to be based on a misunderstanding of his legal obligation to respond

22  even when he lacks all responsive information. Indeed, plaintiff did provide responses of a sort.");

23  *AF Holdings LLC v. Noordman*, No. 2:12-CV-01657 GEB, 2013 WL 440803, at *4 (E.D. Cal. Feb.

24  4, 2013) ("it appears that defendant may have misunderstood his obligations in regards to

25  responding to plaintiff's complaint . . . [s]uch a misunderstanding by a pro se litigant is not

26  indicative of 'devious, deliberate, willful, or bad faith' conduct.")

27       The Court will again compel Plaintiff to respond to Defendant Castro's Request Number 3.

28  To comply with this order by providing Defendant Castro with a legally sufficient response to his

request, Plaintiff (1) must identify any relevant responsive documents and (2) regardless of whether Plaintiff thinks the documents are in the Court's possession, Plaintiff must provide a copy of any relevant responsive documents in his possession or control. If Plaintiff does not have any documents responsive to Defendant Castro's request, he must provide evidence in the form of a sworn declaration swearing that he does not have possession, custody, or control of any responsive documents.

Because Plaintiff proceeds pro se, to avoid any further misunderstandings of Plaintiff's obligations, the Court will explicitly provide Plaintiff with two additional rules regarding his obligation to respond to Defendant Castro's request.

First, "possession, custody, or control" includes constructive possession. This means that even if Plaintiff does not have physical possession of the documents responsive to Defendant Castro's request, if Plaintiff has the legal right to obtain responsive documents—for example, by requesting them from the California Department of Corrections and Rehabilitation ("CDCR"), *see In re Olson*, 112 Cal. Rptr. 579 (Cal. Ct. App. 1974) (recognizing the right of California inmates to inspect all nonconfidential records maintained in their central and medical files); *see id.* ("Since the [CDCR] and its component agencies are under the obligation, in the first instance, to disclose to an inmate or his attorney all documents in the files pertaining to him upon request, such documents shall be made available to the inmate or his attorney upon receipt of such request.")—he must request the responsive documents and provide them to Defendant Castro. *Cf. Mitchell v. Adams*, No. CIV S-06-2321 GEB GGH, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (finding a party had constructive control over requested documents because he had authority to obtain requested documents from CDCR).

Second, the Court also makes clear that it does not matter if Plaintiff thinks Defendant Castro already has any documents that Plaintiff identifies as relevant--Plaintiff still must produce the documents to Defendant Castro. *See e.g. Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (concluding the defendant was "required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents); *Tatum v. Schwartz*, 2007 WL 2220977, at *3 (E.D. Cal. Aug. 2, 2007) ("Regardless

of whether plaintiff believes the documents are in defendant's possession, she has an obligation to produce documents in her 'possession, custody, or control' that are responsive to a Rule 34 request for production'.")

Putting all of these rules together, the Court advises Plaintiff that to comply with his discovery obligations as to Request Number 3, Plaintiff must inform Defendant Castro whether not he has any documents responsive to the request (and this includes whether there are any responsive documents that he can request from CDCR).

If Plaintiff has any documents responsive to the request, he must (1) identify the document(s) and (2) provide Defendant Castro with a copy of the document(s)—again including any such documents he is entitled to obtain by request from the CDCR and even if Plaintiff thinks Defendants already have any responsive document he identifies.

If Plaintiff does not have documents in his possession, custody, or control that are responsive to a particular request, Plaintiff shall provide Defendant Castro with this response: "Plaintiff has no documents in his actual or constructive possession, custody, or control that are responsive to this request," along with a sworn declaration verifying the accuracy of that response. Plaintiff can only provide this response if Plaintiff does not have any responsive documents and that there are no responsive documents that Plaintiff could obtain from CDCR.

**E.    The Court Awards Mandatory Reasonable Expenses Under Rule 37**

Defendants request that an award of reasonable expenses in the amount of $7,643.20 be imposed for defense counsel's hours associated with preparing for and attending both depositions, the costs associated with the court reporters for both depositions, and defense counsel's hours spent preparing both motions to compel. (*See* Doc. 68-1 at 24–25.)

If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Rule 37(b)(2)(C) includes a similar requirement for failure to obey a discovery order. The Court also observes that Plaintiff's pro se status does not insulate him from sanctions for failure to respond to discovery. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot

1    decline to impose sanctions simply because a plaintiff is proceeding pro se); *Sanchez v. Rodriguez*,

2    298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance

3    with discovery rules."). Under these rules, Court must not order payment if: (1) the movant filed

4    the motion before attempting in good faith to obtain the disclosure or discovery without court

5    action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or

6    (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

7        Limiting the Court's consideration to the reasonable expenses associated with Plaintiff's

8    defiance of the court's prior order and bringing this motion, the Court finds that it must award those

9    reasonable expenses under Rule 37 because (1) Plaintiff's conduct necessitated the motion to

10   compel and disobeyed a court order, (2) Defendants did not file the motion before attempting in

11   good faith to obtain the disclosure without Court action, and (3) Plaintiff was not substantially

12   justified in his conduct defying a court order prompting the instant motion to compel.

13       Defense counsel declares that he billed approximately sixteen and a half (16.5) hours at a

14   rate of $228 per hour ($3,762) preparing for and attending Plaintiff's second deposition and

15   preparing the instant motion to compel. (Chan Decl. ¶ 13.) Defense counsel also declares and

16   provides documentation showing that the cost of the court reporting agency for the second

17   deposition totaled $793.75. (*Id.*; Chan Decl. Ex. D.) Finding these expenses reasonable, the Court

18   will award attorney's fees in the amount of $3,762 and costs for the deposition in the amount of

19   $793.75, totaling $4,555.75 that must be assessed against Plaintiff.

20       However, due to Plaintiff's representations associated with his motion to proceed *in forma*

21   *pauperis* and the rule that it is an abuse of discretion to order a sanction which cannot be performed,

22   *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983), the Court will stay enforcement of the

23   fee assessment.

24       In sum, the Court will (1) grant Defendants' Motion to Compel, (2) deny Defendants'

25   request for terminating sanctions, (3) grant and stay Defendants' request for reasonable expenses

26   associated with the instant motion and the second deposition in the amount of $4,555.75; and (4)

27   as an alternative to terminating sanctions, the Court will issue one last order compelling Plaintiff to

28   cooperate with his discovery obligations.

1    The Court makes clear to Plaintiff this is his ***one final opportunity*** to meet his discovery
2    obligations including (1) the requirement that he answer relevant questions during his deposition,
3    including information about his medical care and mental health and (2) the need to identify and
4    produce responsive documents to Defendant Castro's Request Number 3 if such documents are in
5    his possession, custody, or control or, if no such documents are in his possession, custody, or
6    control, to so state and provide a sworn declaration verifying the accuracy of that response. If
7    Plaintiff does not meet his obligations, the undersigned **will recommend that the Court grant any**
8    **subsequent request from Defendants that this action be terminated** as a sanction for Plaintiff's
9    noncompliance pursuant to Federal Rule of Civil Procedure 37(b)(2).

10    **III.    CONCLUSION AND ORDER**

11    Accordingly, for the reasons stated above, the Court **HEREBY ORDERS**:

12    1.    Defendants' Motion to Compel and request for sanctions, (Doc. 68), is **GRANTED**
13        in part and **DENIED** in part as follows:

14        a.    Plaintiff **SHALL** sit for a third deposition **no later than 30 days**
15            from the date of this order. Defendants shall re-notice Plaintiff's
16            deposition in accordance with Rule 30 of the Federal Rules of Civil
17            Procedure;

18        b.    Plaintiff **SHALL** provide the documentation relevant to his response
19            concerning Request Number 3, to Defendant Castro's Requests for
20            Production of Documents, Set One, **within 14 days** of the date of this
21            order. Plaintiff's responses should be mailed directly to defense
22            counsel and should not be sent to the Court; and

23        c.    Defendants' request for monetary sanctions is **GRANTED** in the
24            amount of $4,555.75, but that award is **STAYED** due to Plaintiff's
25            inability to pay.

26    2.    The Discovery and Scheduling Order is further **MODIFIED** as follows:

27        The dispositive motion filing deadline is re-set for February 20, 2026.

28

13

1   IT IS SO ORDERED.

2   Dated:  **November 25, 2025**            */s/ Sheila K. Oberto*

3                                  UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28