UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE ZAFIR CASEY,<br><br>    Plaintiff,<br><br>  v.<br><br>HADDAD, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00855-KES-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO TERMINATE THIS ACTION BASED ON PLAINTIFF'S FAILURE TO COOPERATE IN DISCOVERY**<br><br>(Doc. 75)<br><br><u>14-Day Objection Period</u> |

Plaintiff Dominique Zafir Casey is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's constitutional claims against Defendants Castro, Fernandez, and Haddad.

**I.      RELEVANT BACKGROUND**

On March 20, 2025, Defendants filed a motion to compel Plaintiff to sit for a second deposition and to produce complete responses to Defendants' requests for production of documents (Doc. 64) and lodged the transcript of Plaintiff's deposition taken February 27, 2025 (Doc. 65). Plaintiff did not file an opposition.

On April 22, 2025, the Court issued its Order Granting in Part and Denying in Part Defendants' Unopposed Motion to Compel and Request for Sanctions. (Doc. 66.) Plaintiff was directed to "sit for a second deposition" within 45 days and to provide responses to numbers 5 and 6, as well as documents relevant to request number 3, to Defendant Castro's request for production

of documents; Defendants' request for monetary sanctions was denied. (*Id*. at 6.)

On June 6, 2025, Defendants filed a second motion to compel and a request for sanctions (Doc. 68) and lodged the transcript of Plaintiff's deposition taken May 21, 2025 (Doc. 69). Plaintiff did not file an opposition.

On November 26, 2025, the Court issued its Order Granting in Part and Denying in Part Defendants' Unopposed Motion to Compel and Request for Sanctions. (Doc. 74.) More specifically, Plaintiff was directed to "sit for a third deposition" within 30 days and to provide documents in response to Defendant Castro's request for production number 3 within 14 days; the Court granted Defendants' request for monetary sanctions but stayed the award due to Plaintiff's inability to pay. (*Id*. at 13.)

On February 20, 2026, Defendants filed their third motion to compel and request for sanctions, asking the Court to enter an order to terminate this action as a sanction for Plaintiff's failure to cooperate in his third deposition and to award Defendants $2,832.50 in associated costs and attorney's fees. (Doc. 75.) Plaintiff did not oppose the motion.

**II.    DISCUSSION**

Briefly stated, Defendants contend Plaintiff failed to fully cooperate at his third deposition and failed to produce documents, thus willfully violating a Court order. As a result, Defendants argue dismissal is warranted, the public's interest in the expeditious resolution of cases and the Court's need to manage its docket weigh in favor of dismissal, they are severely prejudiced by Plaintiff's failures, the public policy favoring a merits based decision does not weigh in favor of a litigant who hinders the defense, no lesser alternative sanctions are available, and that the Court should award reasonable costs and attorney's fees.

*Applicable Legal Standards*

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks & citation omitted). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation

& citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

On motion, the Court may order sanctions against a party for failure, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Such sanctions may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. *Id*. Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—i.e., willful disobedience or bad faith. *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). The court may consider a party's pro se status in evaluating the willfulness of discovery violations and in weighing the other factors regarding dismissal, but lack of a lawyer does not excuse intentional noncompliance with discovery rules and court orders. *See Castillo v. Johnson*, No. EDCV 18-2187-VAP (KK), 2021 WL 2165204, at *4 (C.D. Cal. May 25, 2021), adopted, 2021 WL 2165206 (C.D. Cal. May 26, 2021); *Dettmanti v. Davies*, No. CV 13-3484-MWF (JPR), 2016 WL 649530 at *3 (C.D. Cal. Sept. 28, 2016) (citing *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000), affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Gordon v. Cnty. of Alameda*, No. CV-06-02997-SBA, 2007 WL 1750207 at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"). District courts also have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

The Ninth Circuit has identified five factors that a court must consider before imposing the sanction of dismissal: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Ninth Circuit has stated that when considering "case-dispositive sanctions, the most critical factor is not merely delay or docket

3

management concerns, but truth . . . [and] regarding risk of prejudice and of less drastic sanctions . . .whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (quoting *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (the amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors"). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.

### *Analysis*

### Willfulness Finding

Plaintiff's third deposition occurred December 18, 2025. (*See* Doc. 75-2 at 5-78 [Chan Decl. Ex. A].) The Court has reviewed the deposition and agrees that Plaintiff repeatedly evaded or refused to answer questions by asserting he did not remember or recall information. Like before, as further evidence that Plaintiff's failure to answer questions constituted willfulness, Defendants point the Court to Plaintiff's conduct in another similar action pending in this Court: *Casey v. Brown*, No. 1:23-cv-01068-JLT-SAB. Concerning the January 2025 deposition in that action, the Court has reviewed the relevant portions of Plaintiff's deposition in the *Casey v. Brown* action and, as before,[1] agrees with Defendants that Plaintiff willingly answered questions pertaining to his medical care and mental health in that action. (*See* Doc. 75-2 at 80-96 [Chan Decl. Ex. B.].) The Court agrees that the transcripts of Plaintiff's responses to questions about his medical care and mental health during the January 2025 deposition in the other action stand in material contrast to what the transcript from the December 2025 deposition reflects as to Plaintiff's responses to similar questions in the present case. A review of the transcript from the deposition in the other action reveals that Plaintiff did respond to questions about his medical care and health in the January 2025 deposition but evaded or refused to answer those questions during his December 18, 2025,

---

[1] *See* Doc. 74 at 4-5 [ruling Plaintiff answered inquiries regarding whether and for how long he was a participant in his prison's mental health program, and the reasons why he wanted to speak with mental health staff prior to his encounter with Defendants Haddad, Castro, and Fernandez].)

4

deposition.

The Court finds that in evading or refusing to answer questions regarding his medical and mental health conditions, Plaintiff willfully disobeyed the Court's previous order granting Defendants' Motion to Compel that confirmed Plaintiff's obligation to sit for the December 2025 deposition. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). Here, Plaintiff's disobedient conduct was within his control. The record reflects that Plaintiff previously answered questions in a deposition in another case like the questions he refused to answer during the December 2025 deposition in the present case. As the Court previously found,[2] refusal to answer questions in a deposition regarding relevant information to which Plaintiff's answers are not privileged or otherwise protected is conduct within Plaintiff's control and was therefore willful.

Consideration of Factors Warranting Dismissal

Here, the Court considers whether dismissal of this action is an appropriate sanction.

*Public Interest & The Court's Need To Manage Its Docket*

First, the Court considers the public's interest in the expeditious resolution of this litigation. The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). This case has been pending since May 2021. (Doc. 1.) The Court issued its Discovery and Scheduling order in September 2024. (Doc. 60.) Defendants have attempted to take Plaintiff's deposition on three occasions without complete success. Defendants are entitled to examine Plaintiff regarding the facts on which Plaintiff bases his Eighth Amendment excessive force and failure to intervene claims. In short, the public's interest in the expeditious resolution of this litigation weighs in favor of dismissal. *Pagtalunan*, 291 F.3d at 642.

Next, the Court considers the need to manage its docket. This factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." *See Ferdik v. Bonzelet*,

---

[2] *See* Doc. 74 at 5-6.

963 F.2d 1258, 1261 (9th Cir. 1992). This action has been pending for approximately five years. Following screening and service of the operative complaint, the Court referred the case to post-screening Alternative Dispute Resolution (ADR) (*see* Doc. 47) and held a settlement conference (*see* Doc. 53). Discovery commenced more than one year and eight months ago (Doc. 60), and the deadline for the completion of discovery was extended to accommodate Plaintiff's original deposition in February 2025 (Doc. 63), and twice more after the May 2025 attempt to depose him was unsuccessful and necessitated filing of the instant motion (Docs. 71 & 73).[3] The case has consumed significant amounts of the Court's valuable time as concerns Plaintiff's participation in his depositions. Plaintiff's unacceptable conduct continues to require the Court to expend its limited resources to address this matter. *Ferdik*, 963 F.2d at 1261. Thus, the factor also weighs in favor of dismissal.

*Risk Of Prejudice To The Defendants*

Third, the Court considers the risk of prejudice to Defendants. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Adriana Int'l Corp. v. Thoerren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Here, Plaintiff's actions continue to impair Defendants' ability to obtain information regarding the circumstances of Plaintiff's claims and the damages claimed and speaks directly to Defendants' ability to defend against the action. Plaintiff's willful refusal to fully cooperate in a deposition also continues to delay the trial in this case. *In re PPA*, at 1227. Thus, this factor also weighs in favor of dismissal.

*Public Policy Re Merit-Based Determinations*

Fourth, the Court considers the public policy favoring disposition of this action on its merits. This factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

---

[3] On February 23, 2026, the only remaining deadline, pertaining to the filing of pretrial dispositive motions, was vacated. (*See* Doc. 77.) The Court's Order indicated that deadline would be reset, "if necessary, after it decides Defendants' pending third motion to compel." (*Id.*)

progress in that direction." *In re PPA*, 460 F.3d at 1228. Here, even considering that public policy favors a disposition on the merits, Plaintiff's behavior, exhibited in the February, May and December 2025 depositions, impedes progress in this action. *Pagtalunan*, 291 F.3d at 643; *In re PPA*, 460 F.3d at 1228. Thus, this factor weighs in favor of dismissal.

*Availability Of Less Drastic Sanctions*

Finally, the Court considers the availability of less drastic sanctions. A district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the discovery process. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131-32 (9th Cir. 1987). And as noted above, when "deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth. What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097 (quotation marks omitted). The Ninth Circuit stated this factor includes three subparts, including "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id*. at 1096.

Here, the Court has considered less drastic sanctions, tried them, and warned Plaintiff about the possibility of case-dispositive sanctions (*see* Doc. 66 at 4, 6 & Doc. 74 at 8-9, 13).[4] [5] *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. The Court's previous consideration and implementation of less drastic sanctions were unsuccessful. Plaintiff continues to refuse to answer or evades answering relevant questions pertaining to his medical and mental health status during the discovery process. *Malone*, 833 F.3d at 131-32. Notably too, Plaintiff has failed to produce the documents he was previously ordered to provide to Defendants. (*See* Doc. 74 at 13.) Plaintiff's continuing discovery violations "threaten to interfere with the rightful decision" in this case. *Conn. Gen. Life Ins. Co.*, at

---

[4] This Court's Discovery and Scheduling Order warns that "the failure of Plaintiff to attend, to be sworn, and answer appropriate questions may result in sanctions, including termination sanctions as provided in Federal Rule of Civil Procedure 37." (*See* Doc. 60 at 2.)

[5] The Court notes that all orders served to Plaintiff following his change of address in June 2025 have been properly served to his current address on record with the Court (*see* Docs. 71, 73, 77, 78) and no mail served to Plaintiff has been returned to the Court as undeliverable.

1097.

In sum, all factors weigh in favor of dismissal here. *Henderson*, 779 F.2d at 1423. And Plaintiff's status as a self-represented litigant will not spare him from such a sanction, as it is well-established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). Therefore, the undersigned concludes that Plaintiff's conduct justifies imposition of terminating sanctions. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.

Reasonable Costs and Fees

Finally, Defendants seek $1,008.50 for the costs associated with the third deposition and attorney's fees of $1,824.00 (8 hours x $228 per hour) associated with preparing for and attending the third deposition and preparing the instant motion, for a total of $2,832.50. (Doc. 75-1 at 32-33.) The Court previously awarded sanctions under Rule 37 in the amount of $4,555.75 but stayed the award given Plaintiff's inability to pay. (*See* Doc. 74 at 14.)

Here, like before (Doc. 74 at 12), the Court concludes a sanctions award in the amount requested and supported by defense counsel's declaration is warranted. (*See* Doc. 75-2 at 4, ¶ 18 & Ex. C.) More specifically, the Court finds the $1,008.50 cost for the deposition and $1,824.00 in attorney's fees related to the deposition and the instant motion to be reasonable. However, it will recommend a total sanction of $2,832.80 be awarded yet stayed considering Plaintiff's inability to pay.[6] *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983); *McCoy v. Milligan*, No. 2:23-cv-0700-DC-CKD P, 2025 WL 2049676, at *3 (E.D. Cal. July 22, 2025) (recommending dismissal as terminating sanction and stating "Plaintiff is indigent and proceeding in forma pauperis. Thus, any imposition of monetary sanctions would likely be futile and unenforceable" [citing *James v. Wilber*, 956 F. Supp. 2d 1145, 1169 (E.D. Cal. 2013]), adopted 2025 WL 2636318 (E.D. Cal. Sept. 12,

---

[6] The Court notes that when he filed this action, Plaintiff was incarcerated at Kern Valley State Prison in Delano, California. (*See* Doc. 1.) Plaintiff was then transferred to California State Prison-Los Angeles County in December 2024. (*See* Doc. 61.) On June 4, 2025, Plaintiff filed a notice of change of address to "3745 S. Grand Ave. Los Angeles CA, 90007." (*See* Doc. 67.) And at the time of Plaintiff's December 2025 deposition, Plaintiff continued to reside there. (*See* Doc. 75-2 at 28:21-24.) Plaintiff testified he was "currently being housed in [CDCR's] Male Community Reentry Program" (*id*. at 47:14-22) and was employed (*id*. at 48:15-20). The 3745 S. Grand Avenue address in Los Angeles is associated with the Amity Foundation, an agency offering rehabilitation services.

2025).

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons stated above, the Court **HEREBY RECOMMENDS** that:

1. Defendants' motion filed February 20, 2026 (Doc. 75) be **GRANTED with MODIFICATION** as follows:

    a. Defendants' request this action be dismissed as a terminating sanction for Plaintiff's willful refusal to properly participate in a third deposition and failure to produce documents, as previously ordered by the Court, be **GRANTED**; and

    b. Defendants' request for $2,832.80 in monetary sanctions be **GRANTED and STAYED**; and

2. This action be dismissed, with prejudice, for Plaintiff's failure to comply with Court's orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  __June 9, 2026__                    _____
                                            Erin Guy Castllo

UNITED STATES MAGISTRATE JUDGE